UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CLINT ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:20-CV-36-SNLJ |
| ) | |
| LARRY BUFF, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Clint Arrington, an inmate at Potosi Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $21.87. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his certified inmate account statement. (ECF No. 9). A review of plaintiff's account indicates an average monthly deposit of $109.33 and an average monthly balance of $36.20. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $21.87, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Larry and Lance Buff; Keller's Motors; Jason Klauss (Detective, Perry County, Missouri); and the Missouri Department of Motor Vehicles. Plaintiff claims that all defendants "acted under the color of state law" and had a "custom of stealing the plaintiff's truck, tampering with a motor vehicle, and failure to obey the Missouri state law." Plaintiff alleges that all defendants engaged in a civil conspiracy against him.

Plaintiff states that in 2014 he purchased a 2001 Dodge Ram 2500 (the "Truck"), a 1998 Chevrolet, a 2011 G6, a 2001 Grand Am, and two dirt bikes from defendants Larry and Lance Buff (the "Buffs"), owners of Buff Motors, in Perryville, Missouri. Plaintiff states he gave the Buffs a check for $57,000, which paid for the Truck in full and served as a down payment for the remainder of the vehicles. Plaintiff states he subsequently registered the vehicles in his name as well as the names of his wife and child.

Subsequent to the sale, plaintiff alleges that the Truck and other vehicles began to experience mechanical issues. Plaintiff complains that the Buffs were unable to fix the issues and on April 7, 2016 he brought the Truck to Keller's Motors for repairs. On April 8, 2016 plaintiff

was arrested. While plaintiff was incarcerated, he alleges that that the Buffs went to Keller's Motors with a "fake contract" and Keller's Motors released the Truck to the Buffs.

Plaintiff claims that his daughter called the Perry County Sheriff's Department and Detective Klauss was put in charge of the case. Plaintiff alleges that Detective Klauss reviewed all the contracts related to the Truck and determined that the Buffs legally took possession. Plaintiff claims Detective Klauss's determination was incorrect because "nowhere in the plaintiff's contract does it say that his 2001 Dodge Ram 2500 was used to make sure payments would be made, and if payments were to stop they would take back the Truck."

Plaintiff seeks declaratory and injunctive relief, as well as $250 in nominal damages, $500,000 in compensatory damages, $750,000 in punitive damages, $250,000 for "damages to the state law claims," and $1,000,000 for pain and suffering.

## Discussion

After carefully reviewing the complaint and giving it the benefit of a liberal construction, the Court concludes that it must be dismissed against Larry Buff, Lance Buff, Keller's Motors, Jason Klauss, and the Department of Motor Vehicles.

### A. Defendant Missouri Department of Motor Vehicles

The Missouri Department of Motor Vehicles is a department of the State of Missouri. Thus, plaintiff's claim is actually against the State itself. The Missouri Department of Motor Vehicles is not a suable entity and must be dismissed for failure to state a claim. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (§ 1983 suit cannot be brought against state agency); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (a state is not a "person" under § 1983); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ( "a state is not a person for purposes of a claim for money damages under § 1983").

Moreover, a claim against the State of Missouri is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a State waives its immunity to suit in federal court. *Id.* at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983 and the United States Supreme Court has determined that § 1983 does not revoke the States' Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We

cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit. Specifically, the State's statutory waiver of immunity does not include the type of claims made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600.

Thus, because a state is not a "person" for the purposes of § 1983 and a suit against the state is barred by the Eleventh Amendment, plaintiff's claim against the Missouri Department of Motor Vehicles will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### B. Defendants Larry Buff, Lance Buff, and Keller's Motors

Plaintiff's claims against Larry Buff, Lance Buff, and Keller's Motors must be dismissed because they are not state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person *acting under color of state law*. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Larry Buff and Lance Buff are owners of Buff Motors, a private business, and Keller's Motors is a privately-owned company.

To the extent plaintiff alleges that Larry Buff, Lance Buff, and Keller's Motors were effectively state actors because of a conspiracy with Detective Klauss, a detective employed by Perry County, such an allegation fails. When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege,

at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Plaintiff does not allege any facts, other than a conclusory allegation of the existence of a conspiracy. Conclusory allegations are insufficient to support a conspiracy claim. To properly plead a claim for conspiracy, a litigant must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; there must be something more than the summary allegation of a conspiracy. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff's allegations are broad and conclusory, lacking an arguable basis in fact. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (complaint subject to dismissal under § 1915(d) if allegations of conspiracy are inadequate); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (allegations must at least include that "'defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding'" and provide some facts suggesting a meeting of minds) (citations omitted).

Moreover, factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). The Court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are unsupported and, thus, "clearly baseless." *Id.* at 32-33. For example, a district court may properly dismiss a complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing and provides no operative facts in support of the naked assertion of a conspiracy between a state actor and private defendants. *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed

before the district court is required to compel the defendants to answer. *Id.* at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Id.* (*citing Cruz v. Beto,* 405 U.S. 319, 326-27, (1972)); *accord, Denton,* 504 U.S. at 33.

Here, plaintiff states that Detective Klauss investigated Keller's Motors release of his Truck to the Buffs and made the determination that the transfer was legal. Plaintiff does not allege or provide any facts to support that the Buffs and Keller's Motors were willfully participating in a joint activity with Detective Klauss, or that any mutual understanding between them existed. Thus, plaintiff's claims against Larry Buff, Lance Buff, and Keller's Motors will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### C. Defendant Detective Jason Klauss

#### 1. Official Capacity

Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official. *See Brewington v. Keener,* 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). Plaintiff alleges Detective Klauss is employed by Perry County, Missouri. To state a claim against a municipality or a government official in his official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. *Monell v. Department of Social Services,* 436 U.S. 658, 690–91 (1978).

In *Monell*, the Supreme Court held that a municipality or local governing body can be directly liable under § 1983 for monetary, declaratory, or injunctive relief. *Monell*, 436 U.S. at 690-91. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.,*

902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, plaintiff presents no facts to support the proposition that Perry County has an unconstitutional policy or custom that caused plaintiff's constitutional rights to be violated. He has not shown that a policy exists because none of his facts point to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *See Angarita*, 981 F.2d at 1546. Plaintiff has also not shown a "widespread, persistent pattern of unconstitutional misconduct" by Perry County employees, much less that such misconduct was tacitly authorized by officials of Perry County. *See Johnson*, 725 F.3d at 828.

Plaintiff only makes a conclusory allegation that all the defendants have a "custom" of "stealing the plaintiff's truck, tampering with a motor vehicle, and failure to obey the Missouri state law." This assertion is merely a legal conclusion, and not entitled to a presumption of truth. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (stating that "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough

to raise a right to relief above the speculative level"). Moreover, plaintiff's allegations relate only to one incident in which Detective Klauss investigated a potential theft. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Thus, plaintiff has failed to state a municipal liability claim against Perry County, and his claim against Detective Klauss in his official capacity will be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### 2. Individual Capacity

Plaintiff's claim against Detective Klauss in his individual capacity also fails and must be dismissed for failure to state a claim. As stated above, to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) *the violation of a right secured by the Constitution or laws of the United States*, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West*, 487 U.S. at 48 (emphasis added). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015). Furthermore, liability in an action under 42 U.S.C. § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (explaining that a plaintiff must allege facts connecting the defendant to the challenged action).

According to plaintiff, Detective Krauss investigated the alleged theft of plaintiff's Truck and determined that the Buffs were the lawful owners. This allegation does not state a constitutional violation as plaintiff provides no support for the proposition that the investigation

violated any of plaintiff's constitutional rights, including a civil conspiracy. Thus, plaintiff's individual capacity claim against Detective Jason Klauss must be dismissed.

The Court will therefore dismiss the complaint as factually frivolous and because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $21.87 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this __6th__ day of July, 2020.

                                                   STEPHEN N. LIMBAUGH, JR.
                                                   UNITED STATES DISTRICT JUDGE