UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CLINT ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:20-CV-36-SNLJ |
| ) | |
| LARRY BUFF, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This closed case is before the Court on three post-dismissal documents filed by self-represented plaintiff Clint Arrington, an inmate at Potosi Correctional Center. (ECF Nos. 12, 14, 15).

Plaintiff filed this action on February 13, 2020 pursuant to 42 U.S.C. § 1983 against Larry and Lance Buff; Keller's Motors; Jason Klauss (Detective, Perry County, Missouri); and the Missouri Department of Motor Vehicles. (ECF No. 1). On February 28, 2020, March 9, 2020, and May 14, 2020, plaintiff filed three supplements to his original complaint. (ECF Nos. 3, 4, 5). On July 6, 2020, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed this action for failure to state a claim. (ECF Nos. 10, 11). Specifically, the Court held that (1) defendant Missouri Department of Motor Vehicles was not a "person" for the purposes of a § 1983 claim; (2) defendants Larry Buff, Lance Buff, and Keller's Motors were not state actors as required to state a claim under § 1983; (3) defendant Jason Klauss was not liable in his official capacity as plaintiff failed to state a claim against his employer, Perry County, Missouri; and (4) defendant Detective Jason Klauss was not liable in his individual capacity because plaintiff failed to provide facts that he violated plaintiff's federal constitutional rights. (ECF No. 10).

On July 13, 2020, subsequent to the dismissal of this action, plaintiff filed a letter to the Court which stated he was in the process of "getting statements, affidavits made out and other proof" so that he may "file motions." (ECF No. 12).  On July 15, 2020, plaintiff filed a handwritten document which expressed disagreement with the Court's dismissal of his case.  Plaintiff stated, "You can write all the Memorandum [c]ite all the case laws you want, and keep spinning it all you want, the fact is, the truck was in my name, so what are you talking about no basis or fact and law[.]" (ECF No. 14 at 1). Plaintiff then requested the Court to "read what I said agean [sic] and write what I said and not cha[n]ge it around[.]"  (*Id.* at 2).  On August 14, 2020, plaintiff filed a third letter to the Court, titled "Freedom of Information Act Request Letter," seeking "proof" that he is wrong. (ECF No. 15).

**Discussion**

After liberally construing and carefully reviewing the post-dismissal filings by the self-represented plaintiff in this closed case, the Court will consider the first document as an attempt to amend the complaint (ECF No. 12), and the second two documents as an attempt to alter or amend the judgment (ECF Nos. 14, 15).

**A.  Motion to Amend Complaint**

As to the first July 13, 2020 post-dismissal filing, which the Court construes as a motion to amend his complaint, plaintiff states he is actively trying to find "statements," "affidavits" and "other proof" to support his § 1983 claims.  (ECF No. 12). Although a district court "should freely give leave [to amend] when justice so requires, Fed. R. Civ. P. 15(a)(2), plaintiffs do not enjoy an absolute or automatic right to amend" a complaint.  *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted).  Moreover, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered."  *Id.* at 823; *see also In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623

F.3d 1200, 1208 (8th Cir. 2010) ("Post-dismissal motions to amend are disfavored."). Finally, to preserve the right to amend the complaint, "a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (internal citation omitted); *see also see* Case Management/Electronic Case Filing Procedures Manual, Sec. II.B.

Plaintiff's July 13, 2020 letter asks the Court for additional time to show proof that his "truck was taken from [him] illegally." The Court has already determined that such an allegation against the named defendants failed to state a claim under § 1983. "Futility is a valid basis for denying leave to amend." *U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). Moreover, plaintiff did not attach a proposed amended complaint for the Court's review. As a result, the July 13, 2020 letter construed as a motion to amend the complaint will be denied.

### B.  Motions for Reconsideration

District courts enjoy broad discretion in ruling on motions to reconsider. *See Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993). Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior

to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

In its Memorandum and Order dismissing this action, the Court articulated the basis for finding that plaintiff failed to state a claim under § 1983 against the five named defendants. (ECF No. 10). In plaintiff's July 15, 2020 letter, he complains that the "Memoran[d]um is misleading" and has "no leg to stand on[.]" (ECF No. 14 at 1). Plaintiff writes that he was the owner of an allegedly stolen vehicle and restates similar claims as asserted in his dismissed complaint. (*Id.*) In plaintiff's August 14, 2020 letter, which he frames as a Freedom of Information Act request, he states he "was not given the time to get the information from the people involved, and the information from the DMV concerning [his] ownership of [his] truck, [a]nd with the virus its Amazing how these courts work[] when no one is watching. This court needs to show something along these lines to legally [] dissmess [sic] my case." (ECF No. 15 at 1). Plaintiff further writes that he needs "to see all proof that [he is] wrong." (*Id.*)

The Court cannot find that plaintiff has presented any evidence of a specific manifest error of law or fact, or any newly discovered evidence. Plaintiff asserts the same claims that have previously been considered by the Court and asserts his general disagreement with the dismissal of this action. Therefore, after reviewing the letters and construing them as motions for reconsideration, the Court will decline to alter or amend the judgment of this Court and they will be denied. No further pleadings will be accepted in this closed cause of action unless pertaining directly to an appeal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's July 13, 2020 letter to the Court, construed as a motion to amend the complaint, is **DENIED**. [ECF No. 12].

**IT IS FURTHER ORDERED** that plaintiff's July 15, 2020 filing with the Court, construed as a motion to alter or amend the judgment, is **DENIED**.  [ECF No. 14].

**IT IS FURTHER ORDERED** that plaintiff's August 14, 2020 letter to the Court, construed as a motion to alter or amend the judgment, is **DENIED**.  [ECF No. 15].

**IT IS FURTHER ORDERED** that no future filings will be accepted by this Court in this closed matter, unless pertaining directly to an appeal. The Clerk of Court is directed to return to Plaintiff any future filings along with this Order, unless pertaining directly to an appeal, to Plaintiff without filing.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 28th day of August, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE